NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KETEVAN APTSIAURI,<br><br>Plaintiff,<br><br>v.<br><br>CSAA GENERAL INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 23-3881 (MAS) (DEA)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon CSAA General Insurance Company's ("Defendant") Motion to Dismiss pro se Plaintiff Ketevan Aptsiauri's ("Plaintiff") Complaint (ECF No. 1-2). (ECF No. 7.) Plaintiff opposed the Motion. (ECF No. 11.) The Court has considered the parties' written submissions and decides the Motion without oral argument, pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion to Dismiss is granted.

I.  **BACKGROUND**

On April 14, 2023, Plaintiff filed a Complaint against Defendant in the Superior Court of New Jersey, Hunderdon County. (Compl., ECF No. 1-2.)[1] According to the Complaint, on an undisclosed date, Plaintiff entered into a homeowner's insurance policy with AAA Insurance, underwritten by Defendant (the "Policy"). (Compl. *2; see Pl.'s Opp'n Br. *17, ECF No. 11; Policy, Pl.'s Opp'n Br., Ex. B., ECF No. 11.) The Policy, valid between October 23, 2020 and

---

[1] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

October 23, 2021, covers $645,005 for personal property, among other categories, and states that Defendant will "cover only part of the loss over the deductible(s)" for select categories. (*See* Policy *14.) Moreover, the Policy states that "ineligible property" losses, including fine arts and paintings, will be settled at the actual cash value at the time of loss, but not for more than the amount required to repair or replace it. (*Id.* at *16.)

On July 10, 2021, Plaintiff filed an insurance claim with Defendant because water damage in Plaintiff's home allegedly damaged his European fine art.[2] (Compl. *2.) Plaintiff sought $645,005 to compensate him for his loss. (*Id.*)

On April 12, 2023, Plaintiff filed a Complaint, seeking $645,005 from Defendant pursuant to the Policy. (Compl. *2.) On July 7, 2023, Plaintiff effectuated service upon Defendant (Notice of Removal ¶ 3, ECF No. 1), and on July 20, 2023, Defendant timely removed this action[3] (ECF No. 1). Defendant subsequently filed a Motion to Dismiss (ECF No. 7), and Plaintiff opposed (ECF No. 11). In his Opposition Brief, Plaintiff clarifies that Defendant allegedly breached a contract. (Pl.'s Opp'n Br. *17.)

## II.   LEGAL STANDARD

A district court conducts a three-part analysis when considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[4] *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

---

[2] Plaintiff does not specify the date as to when the water damage occurred. Additionally, the parties do not provide additional detail as to whether Defendant responded to Plaintiff's insurance claim.

[3] Plaintiff does not allege that removal of this case was improper. The Court notes, however, that Defendant properly removed this action because the Notice of Removal was filed within thirty days of Defendant's receipt of Plaintiff's Complaint and within one year of this matter's inception. (Notice of Removal ¶¶ 4-6.) *See* 28 U.S.C. § 1446. There is also diversity of citizenship because Defendant is incorporated in Indiana with a principal place of business in Indiana (*id.* ¶ 9), while Plaintiff is a resident of New Jersey (*id.* ¶ 7). Finally, the amount in controversy is $645,005, which exceeds $75,000. (*See* Complaint.)

[4] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify and accept as true, all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 555 (2007)). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

While pro se pleadings are liberally construed, *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.   DISCUSSION

Pursuant to Rule 12(b)(6), Defendant moves to dismiss Plaintiff's Complaint. (Def.'s Moving Br., ECF No. 7.) Defendant states that Plaintiff's Complaint fails to include any facts or cognizable causes of action against Defendant. (*Id.* at 1.) The Court agrees.

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In parallel, a plaintiff's

complaint must give defendants "fair notice" of his claims and the grounds on which they rest. *Okogun v. Miller*, No. 23-2640, 2023 WL 5417428, at *2 (D.N.J. Aug. 22, 2023) (citation omitted).

Here, Plaintiff has failed to provide Defendant with such fair notice. Plaintiff utilizes the Court's "Complaint for a Civil Case" form to allege his claim against Defendant with only one sentence: "Plaintiff filed [an] insurance claim for damaged fine art that is covered at actual cash value at the time of loss. Policy covers up to $645,005, of which [P]laintiff is seeking [the] entire amount since [the] loss exceeds this amount." (Compl. *2.) Plaintiff alleges that the harm is the "European fine art damaged due to water in [his] basement." (*Id.*) Otherwise, Plaintiff provides no other details in his Complaint as to the legal claim Plaintiff brings against Defendant or the reasons why Plaintiff is "entitled to [such] relief." *See* Fed. R. Civ. P. 8(a)(2).

To be certain, Plaintiff asserts a breach of contract claim[5] in his Opposition Brief and attaches the Policy as an exhibit, which was previously not attached to Plaintiff's Complaint. (Pl.'s Opp'n Br. *17; *see also* Policy.) Yet, "[w]hen deciding a motion to dismiss, it is the usual practice for a court to consider only the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record." *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998) (citation omitted); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that the court, when considering a motion to dismiss, "may not consider matters extraneous to the pleadings"). "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 387 (D.N.J. 2019) (quoting *Frederico*, 507 F.3d at 202).

---

[5] To set forth a prima facie case of breach of contract, a plaintiff must adequately allege "(1) a contract [existed] between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Doe v. Bank of Am., N.A.*, No. 16-3075, 2018 WL 295565, at *5 (D.N.J. Jan. 3, 2018) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007)).

Accordingly, "[a]lthough Plaintiff's opposition to Defendant['s] [M]otion to [D]ismiss contains numerous factual allegations that *may*—in a pleading that meets the requirements of Rule 8(a)—establish the requisite elements of a discrimination claim, Plaintiff may not amend his [C]omplaint by way of an opposition brief." *Rosado v. Mueller*, No. 15-3999, 2016 WL 4435672, at *4 (D.N.J. Aug. 17, 2016); *see Donnelly v. Option One Mortg. Corp.*, No. 11-7019, 2013 WL 3336766, at *5 n.3 (D.N.J. July 1, 2013) (finding that "[plaintiffs'] inclusion of [their] extensive preliminary statement in their [o]pposition [b]rief is futile in so far that it may attempt to cure any deficiencies in factual allegations contained in the [a]mended [c]omplaint."); *see also Chaney v. Lightner*, No. 14-39, 2015 WL 4862183, at *1 (W.D. Pa. Aug. 13, 2015) (allowing a pro se plaintiff to file an amended complaint in the interests of fairness and judicial economy because plaintiff "significantly expanded on the sparse factual allegations contained in the [c]omplaint."). In sum, Plaintiff must have plead his allegations in his *Complaint*, not in his Opposition Brief.

**IT IS THEREFORE**, on this 6th day of December, 2023, **ORDERED** as follows:

1. Defendant's Motion to Dismiss (ECF No. 7) is **GRANTED**.

2. Plaintiff's Complaint (ECF No. 1-2) is **DISMISSED** without prejudice.

3. Plaintiff is granted leave to file an Amended Complaint. Plaintiff has thirty (30) days to file an Amended Complaint, if he so chooses, adhering to the requirements of Rule 8(a).

4. If Plaintiff does not file an amended pleading within that time, the matter will be dismissed with prejudice.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE