<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KETEVAN APTSIAURI, <br><br> Plaintiff, <br><br> v. <br><br> CSAA GENERAL INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 23-3881 (MAS) (JTQ) <br><br> **MEMORANDUM ORDER** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon Defendant CSAA General Insurance Company's ("Defendant") Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c)[1] (ECF No. 23), seeking to dismiss with prejudice pro se Plaintiff Ketevan Aptsiauri's ("Plaintiff") Amended Complaint (ECF No. 14). Plaintiff did not oppose. The Court has carefully considered Defendant's submission and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, Defendant's Motion is granted.

**I.     BACKGROUND**

The parties are familiar with the factual background and the procedural history of this matter, and the Court recites only those facts necessary to resolve the instant motion.[2] On December 6, 2023, the Court granted Defendant's Motion to Dismiss Plaintiff's single breach of contract claim because Plaintiff's original Complaint provided only that:

---

[1] All references to a Rule or Rules refer to the Federal Rules of Civil Procedure.

[2] The parties are directed to this Court's prior Memorandum Order for a fuller recitation of the facts. (ECF No. 13.)

> Plaintiff filed [an] insurance claim for damaged fine art that is covered at actual case value at the time of loss. Policy covers up to $625,005, of which [P]laintiff is seeking [the] entire amount since [the] loss exceeds [that] amount.

(Mem. Order 4, ECF No. 13 (citing State Court Compl. *2, ECF No. 1-2).) The original Complaint did not contain any allegations as to *when* the alleged loss occurred. (*See id.*)

After dismissing the original Complaint, the Court granted Plaintiff leave to file an Amended Complaint. (Mem. Order 5.) Plaintiff timely did so. (*See generally* Am. Compl., ECF No. 14.) In the Amended Complaint, Plaintiff again alleges a breach of contract claim, but this time adds more factual allegations in seeking $645,005 for water damage to thirty-two pieces of European fine art. (*Id.* at *3-5[3].) Of particular relevance here, Plaintiff alleges that the damage to her fine art, which resulted in "actual loss," occurred "at their home on or about November 10, 2020" within "the coverage period identified" in her policy with Defendant (the "Policy"), her home insurer. (*Id.* at *3.) Plaintiff, however, alleges that she did not identify and/or submit a claim as to this loss until August 9, 2021. (*See id.* at *3, *45, Ex. C.[4])

The Policy, covering the period from October 23, 2020, to October 23, 2021, provides that "[n]o action can be brought against [Defendant under the Policy] unless . . . the action is started

---

[3] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

[4] "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citing *Angelastro v. Prudential-Bache Secs., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985)); *Ramos v. Walmart Inc.*, No. 21-13827, 2023 WL 166681, at *2 (D.N.J. Jan. 12, 2023) (applying this rule the same with respect to a Rule 12(c) motion). An exception to the general rule, however, is that a "document *integral to or explicitly relied* upon in the complaint" may be considered "without converting the motion [on the pleadings] into one for summary judgment." *In re Burlington Coat Factory Secs. Litig.*, 113 F.3d at 1426 (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996) (emphasis added)). As Plaintiff's Amended Complaint explicitly relies on the terms of the Policy, the Court will consider the Policy at this stage.

within 2 years after the date of loss.[5]" (Def.'s Moving Br. 2, ECF No. 23; Policy 52, ECF No. 23-2.) Relying on this provision, Defendant raises an affirmative defense, namely, that Plaintiff's claim is barred by the statute of limitations established in the Policy. (Def.'s Answer to Am. Compl. 4-5, ECF No. 15.)

## II.     LEGAL STANDARD

Rule 12(c) provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he [or she] is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). A court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* (quoting *Jablonski*, 863 F.2d at 290-91). A Rule 12(c) motion is reviewed under the same standard as a Rule 12(b)(6) motion. *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation

---

[5] "Date of loss" is not defined in the Policy, and in fact, the phrase is only used once; it is used in the provision Defendant identifies as prohibiting Plaintiff from filing suit after two years. (Policy 52, ECF No. 23-2.)

3

omitted). "Although we must accept the allegations in the complaint as true, we are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc) (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 678 (holding that courts may ignore bare statements that "the-defendant-unlawfully-harmed-me" (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555)). Third, a complaint must include a facially plausible claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler*, 578 F.3d at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III. DISCUSSION

Defendant contends that under the Policy, Plaintiff did not timely bring her claims against it where the "date of loss" under the Policy was November 10, 2020, and where she first initiated this lawsuit on April 12, 2023, after the expiration of the Policy's two-year statute of limitations. (*See generally* Def.'s Moving Br.; State Court Compl. *3.)[6] For the reasons set forth below, the Court finds that: (1) the Policy establishes a two-year statute of limitations for Plaintiff's claim; and (2) the plain meaning of "date of loss" under the Policy is the date when Plaintiff's loss

---

[6] Defendant's statute of limitations argument under the Policy is an affirmative defense. The "Third Circuit Rule allows affirmative defenses to be raised in a 12(b)(6) motion . . . [where] apparent on the face of the complaint." *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (internal quotations and citations omitted). Here, Plaintiff alleges the date of damage to her property and the Court can readily ascertain the date she filed this action. As such, it is appropriate to consider Defendant's affirmative defense at this stage.

occurred, and as such, Plaintiff's breach of contract claim is barred by the Policy's agreed-to statute of limitations.

First, it is well settled under New Jersey law that the terms of an insurance contract may shorten the statute of limitations period. *Gutierrez v. Am. Bankers Ins. Co. of Fl.*, No. 22-3551, 2024 WL 3439447, at *2 (N.J. Super. Ct. App. Div. July 17, 2024) (finding, on appeal of a lower court's motion to dismiss decision, that "there is a six-year statute of limitations for claims brought pursuant to an insurance contract" but that such period "may be shortened by the terms of [the] insurance contract" (citing N.J. Stat. Ann. § 2A:14-1)). As such, here, Defendant is correct that the Policy establishes a two-year statute of limitations where the agreed-to Policy clearly states that "[n]o action can be brought against [Defendant under the Policy] unless . . . the action is started within 2 years after the date of loss." (Policy 52.)

Next, the Court must ascertain the meaning of "date of loss" to assess whether Plaintiff's action was timely brought in April 2023.[7] Defendant represents that the "date of loss" under the Policy was November 10, 2020, i.e., the date that Plaintiff alleges the damage which caused monetary loss actually occurred to her property. (Def.'s Moving Br. 2, 4; *see also* Am. Compl *3-4 (providing that the damage to Plaintiff's European fine art occurred on November 10, 2020 and that such damage constituted a loss).) The Court finds that this reading is consistent with the Policy's plain language, and, in the absence of any opposition from Plaintiff, the Court cannot find an independent basis to believe that the average policyholder might understand this language differently. *Mac Prop. Grp. LLC & The Cake Boutique LLC v. Selective Fire & Cas. Ins. Co.*, 278

---

[7] Where the amended complaint relates back to the original complaint, as it does here where only additional descriptive allegations are added to support the originally asserted claim, Rule 15(c)(1)(B) operates to preserve "the date of the original pleading," here, April 16, 2023. *See* Fed. R. Civ. P. 15(c)(1)(B).

A.3d 272, 284 (N.J. Super Ct. App. Div. 2022) (finding at the motion to dismiss stage that "[i]n interpreting insurance contracts, [New Jersey courts] first examine the plain language of the policy, and if the terms are clear, they 'are . . . given their plain, ordinary meaning'" (quoting *Pizzullo v. N.J. Mfrs. Ins. Co.*, 952 A.2d 1077, 1088 (N.J. 2008)); *Zacarias v. Allstate Ins. Co.*, 775 A.2d 1262, 1264, 1266 (N.J. 2001) (finding that an ambiguity arises "where the phrasing of the policy is so confusing that the average policyholder cannot make out the boundaries of coverage" and in which case "courts interpret the contract to comport with the reasonable expectations of the insured" (citations omitted)).

For the reasons above, the Court finds as a matter of law that the "date of loss" under the Policy was the date the loss occurred. Plaintiff suffered the loss to her insured property on November 10, 2020. (Am. Compl. *3-4 (alleging that the "damage to fine art located at [her] home on or about November 10, 2020" amounted to "[p]ersonal [p]roperty loss" of "actual cash value.") Therefore, under the clear terms of the Policy, (Policy 52), Plaintiff was obligated to file her claim against Defendant no later than November 2022. Plaintiff filed this action on April 16, 2023, after the expiration of the statute of limitations. (Am. Compl. *3). Accordingly,

**IT IS**, on this 24th day of October 2024, **ORDERED** as follows:

1. Defendant's Motion for Judgment on the Pleadings (ECF No. 23) is **GRANTED**.

2. Plaintiff's Amended Complaint (ECF No. 14) is **DISMISSED WITH PREJUDICE**.

3. The Clerk's Office shall close this case.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE